**BOUTELL et al. v. WALLING, Administrator, Wage and Hour Division, U. S. Dept. of Labor.**

No. 9792.

Circuit Court of Appeals, Sixth Circuit.
Feb. 14, 1945.

Writ of Certiorari Granted June 18, 1945.
See 65 S.Ct. 1570.

Jack Newcombe, of Detroit, Mich. (Glenn M. Coulter, of Detroit, Mich., and Carton, Gault & Davison, of Flint, Mich., on the brief), for appellants.

George M. Szabad, of Washington, D. C. (Douglas B. Maggs and Bessie Margolin, both of Washington, D. C., Charles A. Reynard, of Cleveland, Ohio, and Harry M. Leet, of Washington, D. C., on the brief), for appellee.

Before ALLEN, HAMILTON, and Mc-ALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

The sole question presented by this appeal is whether certain mechanics, employees of a partnership engaged exclusively in repairing and maintaining motor trucks used by a carrier in interstate commerce, are exempt from the provisions of the Fair Labor Standards Act under Section 13(a) (2) and (b) (1) of that enactment, Title 29, U.S.C., Section 201 et seq., 29 U.S.C.A. § 201 et seq. The appellee filed a complaint joining the appellants, two members of a partnership employing at their place of business in Toledo, Ohio, approximately 32 employees who service motor transportation equipment owned by the F. J. Boutell Drive-Away Company (a Michigan corporation, hereinafter called the Drive-Away Company) engaged in the interstate transportation of automobiles and army equipment such as jeeps and armored trucks. Other members of the partnership were not joined as parties defendant for the reason that they were not within the jurisdiction of the District Court. The bill charged that the appellants have repeatedly "violated and are violating the provisions of Sections 7 and 15 (a) (2) of the Act by employing many of their employees engaged in interstate commerce * * * for workweeks longer than 44 hours during the year beginning October 24, 1938, for workweeks longer than 42 hours during the year beginning October 24, 1939, and for workweeks longer than 40 hours since October 24, 1940, without compensating these employees for their employment in excess of 44, 42 and 40 hours, in workweeks during such periods, at rates not less than one and one-half times the regular rate at which they were employed."

The appellants' answer admitted that the automobiles and army equipment transported by the Drive-Away Company were carried in interstate commerce and that the appellants' employees, by reason of their employment, were engaged in interstate commerce. In an amended answer later filed to an amended complaint which made the same allegations with reference to the interstate operation this was neither admitted nor denied. The material allegations of the complaint and amended complaint were either admitted or neither admitted nor denied, appellants' defense be-

ing grounded on the claim that their employees are exempt from the requirements of the Fair Labor Standards Act under its specific provisions.

Upon motion for summary judgment the court found the following facts in addition to those already stated:

"The F. J. Boutell Drive-Away Company is a Michigan corporation and is an entity separate and distinct from the F. J. Boutell Service Company. However, * * * the partners of the F. J. Boutell Service Company are the sole stockholders of the F. J. Boutell Drive-Away Company. * * *

"(It was admitted at the oral argument that substantially all of the business of the F. J. Boutell Drive-Away Company has been in interstate commerce.)

"4. The defendants' employees involved in this proceeding are mechanics engaged in greasing, repairing, servicing and maintaining the transportation equipment owned and operated by the F. J. Boutell Drive-Away Company, and since the effective date of the Motor Carrier Act have been employed for hours below the applicable maximum prescribed by the Interstate Commerce Commission beyond which the above-mentioned Motor Carrier Act requires payment at a specified overtime rate."

Finding that the appellee was entitled to judgment, the court issued a permanent injunction in accordance with the prayer of the amended complaint.

Appellants' first contention, that they are entitled to exemption under Section 13(a) (2) of the statute, which exempts employees "engaged in any * * * service establishment the greater part of whose * * * servicing is in intrastate commerce," is disposed of by the finding of the court and the concession of the appellants that substantially all of the business of the Drive-Away Company is in interstate commerce. The exemption applies only to those who perform the greater part of their service in intrastate commerce, and clearly the appellants' employees do not fall within this classification.

The test under the Fair Labor Standards Act as to whether an employee is engaged in interstate commerce is not whether the employee's activities affect or indirectly relate to interstate commerce, but whether they are actually in or so closely related to the movement of the commerce as to be a part of it. McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538. We think the mechanics who service the motor vehicles which operate in interstate commerce are clearly a part of it. Cf. United States v. American Trucking Ass'ns, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345.

Appellants also contend that they are exempt from the obligation of the Fair Labor Standards Act under Section 13(b) (1), Title 29, U.S.C., Section 213(b), 29 U.S.C.A. § 213(b) (1), which provides that the maximum hours provisions of Section 207 shall not apply as to any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of the Motor Carrier Act of 1935. It is urged that the Interstate Commerce Commission has such power with reference to appellants' employees under the material portions of Section 204, 49 U.S.C.A. § 304, which read as follows:

"It shall be the duty of the Commission—

"(1) To regulate common carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to continuous and adequate service, transportation of baggage and express, uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment.

"(2) To regulate contract carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment.

"(3) To establish for private carriers of property by motor vehicle, if need therefor is found, reasonable requirements to promote safety of operation, and to that end prescribe qualifications and maximum hours of service of employees, and standards of equipment. In the event such requirements are established, the term 'motor carrier' shall be construed to include private carriers of property by motor ve-

hicle in the administration of sections 204 (c), 205, 220, 221, 222(a), (b), (d), (f), and (g), and 224."

Appellants contend that Section 204(a) of the Motor Carrier Act is to be construed in light of the intent of Congress (cf. United States v. American Trucking Associations, supra, 310 U.S. at page 538, 542, 60 S.Ct. 1059, 84 L.Ed. 1345), and that since the purpose of the Motor Carrier Act is to promote public safety, dependability and efficiency in the field of interstate motor transportation for hire, it is plain it intended this statute to cover all employees who repair motor vehicle equipment used in interstate transportation.

 It is not claimed that the Drive-Away Company is a common carrier, and the record does not disclose whether it is a contract carrier or a private carrier; but Section 204(a) of the Motor Carrier Act applies to all three classes of carriers. Southland Gasoline Co. v. Bayley, 319 U.S. 44, 49, 63 S.Ct. 917, 87 L.Ed. 1244. The employees sought to be exempted from the operation of the Fair Labor Standards Act are not employees of the Drive-Away Company, nor of any carrier. They are employees of an ordinary partnership which performs service upon motor equipment that is used in interstate commerce.

We think that the wording of the Motor Carrier Act, its legislative history, and its administrative interpretation, demonstrate that Congress did not intend to vest the Commission, under Section 204(a), with jurisdiction over employees of others than carriers. In the congressional reports explaining the purpose of the enactment it was repeatedly stated that the bill was meant to cover employees of motor carriers. The Interstate Commerce Commission has always held that it has no jurisdiction over employees working in commercial garages. Ex parte No. MC-2, In the Matter of Maximum Hours of Service of Motor Carrier Employees, 28 Interstate Commerce Commission Reports, 125, 132. This interpretation is entitled to great weight. United States v. American Trucking Associations, supra, 310 U.S. at page 549, 60 S.Ct. 1059, 84 L.Ed. 1345. The Supreme Court, in Southland Gasoline Co. v. Bayley, supra, 319 U.S. at pages 48, 49, 63 S.Ct. 919, 920, 87 L.Ed. 1244, pointed out that the purpose of Section 13(b) (1) of the Fair Labor Standards Act was "to free operators of motor vehicles from the regulation by two agencies of the hours of drivers," and concluded that "Since the employees of contract and common motor carriers * * * are exempt from the Fair Labor Standards provisions for maximum hours by virtue of the same words which govern private motor carriers' employees," the exemption also covers employees of private carriers of property by motor vehicle. This holding certainly does not indicate that the exemption applies to employees of other than carriers.

We conclude that by every canon of construction it would constitute judicial legislation to distort Section 204(a) of the Motor Carrier Act of 1935 in accordance with the appellants' contentions. The District Court correctly held that the appellants' employees were not exempt, and properly issued the injunction prayed for.

The judgment is affirmed.